Jorge Gonzalez (CBN 100799)
A PROFESSIONAL CORPORATION
2485 Huntington Drive, Suite 238
San Marino, California 91108
T – 626-328-3081, C – 213-598-3278
E-mail: jggorgeous@aol.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF RICARDO DIMITRI CENDEJAS; RICARDO CENDEJAS, SR.; MARIA TERESA PENALOZA; MARIA ISABEL CENDEJAS; V.C. (A Minor, dob 10/06/01), and Y.C. (A Minor, dob 01/04/03) through G.A.L. MARIA GUADALUPE MORALES DE CENDEJAS,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a public entity; and DOES 1 through 10, individually and in their official capacity as deputy sheriffs for the Los Angeles County Sheriff's Department,<br><br>Defendants. | Case No.: CV<br><br>**COMPLAINT FOR DAMAGES**<br>1. **Violation of Federal Civil Rights [42 U.S.C. § 1983] False Arrests, Illegal Search, and Excessive Use of Force in Violation of 4th Amendment to U.S. Constitution;**<br>2. **Violation of Federal Civil Rights [42 U.S.C. § 1983 Interference with Familial Relationship in Violation of 14th Amendment to U.S. Constitution;**<br>3. **Violation of Federal Civil Rights by Public Entity [42 U.S.C. § 1983;**<br>4. **Violation of Civil Rights [Cal. Civil Code §§ 51.7, 52.1];**<br>5. **Wrongful Death [C.C.P. § 377.60];**<br>6. **Negligence [Cal. Gov. Code § 815.2(a)];**<br>7. **Battery.**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION

1. Jurisdiction is conferred upon this Court by Title 28, United States Code

§§ 1331 and 1343, and arises under Title 42, United States Code §§ 1983 and 1988. This court has supplemental jurisdiction of the state law claims.

## VENUE

2. The acts complained of arose within the Central District of California, therefore venue properly lies here pursuant to 28 U.S.C. § 1391. One or more of the Defendants resides in or has its principle place of business in Los Angeles County.

## PARTIES

3. Plaintiff ESTATE OF RICARDO DIMITRI CENDEJAS, by and through its Personal Representative, RICARDO CENDEJAS, SR., sues herein on behalf of Plaintiffs' Decedent, RICARDO DIMITRI CENDEJAS. Plaintiffs RICARDO CENDEJAS, SR., MARIA TERESA PENALOZA, and MARIA ISABEL CENDEJAS, sue herein for themselves as the Father, Mother, and Step-Mother of Plaintiffs' Decedent RICARDO DIMITRI CENDEJAS. Plaintiffs V.C and Y.C. are Minors, and represented herein by MARIA GUADALUPE MORALES DE CENDEJAS, their Guardian ad Litem. Plaintiffs RICARDO CENDEJAS, SR., MARIA TERESA PENALOZA, MARIA ISABEL CENDEJAS, V.C, and Y.C. are and at all times material herein were residents of Los Angeles County.

4. At all times material herein, Defendant COUNTY OF LOS ANGELES was and is a public entity duly organized and chartered under the laws of the State of California, and was responsible for the hiring, training, and supervising of the conduct of its employees and agents of the COUNTY OF LOS ANGELES, and its Sheriff's Department, the LOS ANGELES SHERIFF'S DEPARTMENT, and all of its officers and members. This Defendant is a "person" and subject to suit within the meaning of Title 42, U.S.C. § 1983 under *Monell v. New York Dept. of Social Serv.*, 436 U.S. 658, 691 (1978).

5. At all times material herein, said Defendant COUNTY OF LOS ANGELES was responsible for the employment, training, and supervision of the

actions, conduct, policies, practices, and customs of the employees and agents of the COUNTY OF LOS ANGELES, including its Sheriff's Department and all of its members. At all times material herein, Defendant COUNTY OF LOS ANGELES was responsible for assuring that the actions, conduct, policies, procedures, and customs of the Los Angeles County Sheriff's Department complied with the laws and the Constitutions of the United States and of the State of California.

6. Plaintiffs are informed and believe, and based thereon hereby allege that Defendant COUNTY OF LOS ANGELES is responsible for implementing, maintaining, sanctioning, or condoning a policy, custom or practice, under which the wrongful or illegal acts hereinafter complained of occurred. By reason of this policy, custom or practice, Defendant COUNTY OF LOS ANGELES is liable for the damages hereinafter complained of. As to the claims filed under the laws of the State of California, Defendant COUNTY OF LOS ANGELES is liable for the damages under the principle of *respondeat superior.*

7. Plaintiffs are informed and believe, and based thereon allege that at all times material herein, Defendants DOES 1 through 10, inclusive, were each duly appointed and acting Deputy Sheriffs employed as such by the Defendant COUNTY OF LOS ANGELES, and at the time of the acts hereinafter complained of, each said Defendant was acting within the course and scope of such employment and under the color of law. Plaintiffs sue each of these Defendants both in their official and individual capacities.

8. The true names of Defendants DOES 1 through 10, inclusive, are not now known to Plaintiffs who therefore sue said Defendants by such fictitious names, but upon ascertaining the true name of a DOE Defendant, Plaintiffs will amend this complaint, or seek leave to do so, by substituting same for said fictitious name. Plaintiffs are informed and believe, and based thereon allege, that each DOE

Defendant is in some manner responsible for the injuries and damages herein complained of.

9. At all times material herein, Defendants were each acting as the employee, agent representative, and officer of every other Defendant herein, and within the course and scope of such employment and agency. Plaintiffs filed a timely Claim pursuant to California Government Code Section 910, et seq. with Defendants on March 30, 2018. Defendants denied the Claim on May 14, 2018, and this action is filed in a timely manner.

## FACTS COMMON TO ALL CLAIMS

10. On November 2, 2017, at approximately 3:00 p.m., the Decedent, RICARDO DIMITRI CENDEJAS, was walking around behind the residence of 2104 East Lucien Street, Compton, California, 90222, while carrying an assault rifle, when unknown Deputies put out a call of a person armed with a firearm and a shot had been fired. A SWAT team was called. It is unknown whether Decedent was the source of the gunshot that was reported.

11. The Decedent RICARDO DIMITRI CENDEJAS, made his way to the side of the house, walking in the direction of the street. At about 3:30 p.m. he stopped and put the weapon down near a gas meter, then stepped back to talk to an unknown occupant of the house through the window. When he turned toward the street, unarmed at the time, Defendant DOE 1, an unknown Sheriff's Deputy member of the SWAT team came into view while standing behind an armored vehicle on the street, and fired approximately three shots hitting Decedent RICARDO DIMITRI CENDEJAS, JR., in the torso, inflicting fatal injuries.

12. At or near the time of the shooting, Decedent's Father RICARDO CENDEJAS, SR. arrived at the location and informed Deputies that he was the Father of the subject, that the subject suffered from mental illness, and pleaded with them to allow him to speak to his son. Instead, Defendants DOES 1through 10, tried to tackle RICARDO CENDEJAS, SR. to the ground and handcuffed him,

placing him under arrest without probable cause. He remained in custody overnight.

13. Meanwhile, his wife, MARIA ISABEL CENDEJAS, Decedent's Step-Mother, arrived at the location with their minor children. When she learned what was going on she also attempted to persuade Defendants DOES 1 through 10 to allow her to speak to her step-son because he was suffering from a mental illness, and she and her daughter V.C. (A Minor dob 10/06/01) were both handcuffed and placed under arrest without probable cause. They remained in custody overnight.

14. The other minor children, including Y.C. (A Minor, dob 01/04/03), having been left in the vehicle alone, were then rescued by a neighbor who took them into her home. Defendants DOES 1 through 10 came to the neighbor's house and demanded the keys to the family home, and when the minor Y.C. came out to talk to Defendants DOES 1 through 10, the Deputies threatened that if she didn't give them the keys they would call Children's Services to remove the children and that they would not be returned to their parents until the case was over. In fear of the threats made by Defendants DOES 1 through 10 Minor Y.C. gave them the keys to the house. As a Minor she did not have authority to grant the Deputies consent to enter the family home, and gave them the keys only under coercion due to the threats made by Defendants DOES 1 through 10.

15. Defendants DOES 1 through 10 then entered the house and searched the entire home, retrieving certain unknown items, despite not having valid permission to enter, nor a validly issued search warrant granting judicial authority to search, nor or other exigent circumstances warranting and authorizing such a search.

16. At the time of the shooting none of the Deputy Sheriffs, including the remaining Defendants, were never threatened with harm by the Decedent. Based on the circumstances confronting the Deputies at the time, there was no imminent threat of death or great bodily injury to any of the Deputies or members of the general public.

## CHARGING ALLEGATIONS
## FIRST CLAIM FOR RELIEF

(Title 42, U.S.C. §§ 1983, 1988)

False Arrest, Illegal Search, and Excessive Use of Force

in Violation of Fourth Amendment to the U.S. Constitution

[By Plaintiffs ESTATE OF RICARDO DIMITRI CENDEJAS, RICARDO CENDEJAS, SR., MARIA ISABEL CENDEJAS, and V.C., against Defendants Los Angeles County Deputy Sheriffs DOES 1 through 10, inclusive]

17. Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 16 of this complaint and make each a part hereof as if set forth in full.

18. The use of said force, and particularly, the use of lethal force, under the circumstances presented to said Defendants DOES 1 through 10 was excessive and unreasonable, and unlawfully caused the death of and deprived Plaintiffs' Decedent RICARDO DIMITRI CENDEJAS of the rights, privileges, and immunities guaranteed him by the Fourth and Fourteenth Amendments to the U.S. Constitution, in violation of Title 42, U.S.C. § 1983.

19. The arrests and handcuffing of Plaintiffs RICARDO CENDEJAS, SR., MARA ISABEL CENDEJAS, and V.C., and the unconsented search of their home were conducted without probable cause, warrant, or exigent circumstances, and as such were in violation of the rights, privileges, and immunities guaranteed them by the Fourth and Fourteenth Amendments to the U.S. Constitution, in violation of Title 42, U.S.C. § 1983.

20. By reason of the afore-described acts and omissions of Defendants DOES 1 through 10, inclusive, and each of them, Plaintiffs RICARDO

CENDEJAS, SR., MARA ISABEL CENDEJAS, and V.C. were held in detention while handcuffed for several hours, and unlawfully deprived of their freedom.

21. In addition, by reason of the afore-described acts and omissions of Defendants DOES 1 through 10, inclusive, and each of them, Plaintiff' Decedent RICARDO DIMITRI CENDEJAS was killed, suffering great physical and emotional pain prior to his demise, as well as the loss of the enjoyment of life, and as a result thereof Plaintiffs' Decedent RICARDO DIMITRI CENDEJAS suffered great physical and mental injury, trauma, pain, shock to his nervous system, injury to his health, strength and activity, loss of society, companionship, support and affection, great anguish, anxiety, degradation, humiliation, fear and emotional distress; all to their damages in an amount not yet ascertained but to be proved.

22. By reason of the afore-described acts and omissions of Defendants DOES 1 through 10, inclusive, and each of them, Plaintiffs RICARDO CENDEJAS, SR., MARIA TERESA PENALOZA, MARIA ISABEL CENDEJAS, and V.C., were and will be required in the future to receive medical and psychiatric care, treatment, and examination and by reason thereof, said Plaintiffs incurred and will continue to incur doctor, medical, chiropractic, psychiatric, pharmaceutical and incidental expenses in an amount not yet ascertained but to be proved.

23. The afore-described acts and omissions of Defendants DOES 1 through 10, inclusive, were done recklessly, knowingly, intentionally, and for the purpose of vexing and injuring Decedent and to maliciously deprive Plaintiffs' Decedent and Plaintiffs RICARDO CENDEJAS, SR., MARIA TERESA PENALOZA, MARA ISABEL CENDEJAS, and V.C. of rights guaranteed them by the U.S. and California Constitutions and in conscious disregard thereof; and by reason thereof, Plaintiffs claim exemplary and punitive damages from said Defendants in an amount to be proved.

24. By reason of the afore-described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute and prosecute the within action and to render legal assistance to Plaintiffs that they might vindicate the loss and impairment of their aforementioned rights; and by reason thereof Plaintiffs requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42, U.S.C. § 1988.

### SECOND CLAIM FOR RELIEF
(Title 42, U.S.C. §§ 1983, 1988)
Interference with Familial Association in Violation of
Fourteenth Amendment to the U.S. Constitution
[By Plaintiffs RICARDO CENDEJAS, SR., MARIA TERESA PENALOZA, and MARIA ISABEL CENDEJAS, against Defendants Los Angeles County Deputy Sheriffs DOES 1 through 10, inclusive]

25. Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 22 and 24 of this complaint and make each a part hereof as if set forth in full.

26. Said excessive force also deprived Plaintiffs RICARDO CENDEJAS, SR., MARIA TERESA PENALOZA, and MARIA ISABEL CENDEJAS, of the rights, privileges, and immunities guaranteed them by the Fourteenth Amendment to the U.S. Constitution, in violation of Title 42, U.S.C. § 1983, by arbitrarily and unlawfully interfering with their familial association, by causing the untimely and unnecessary death of Plaintiffs' Decedent RICARDO DIMITRI CENDEJAS.

27. By reason of the afore-described acts and omissions of Defendants DOES 1 through 10, inclusive, and each of them, RICARDO DIMITRI CENDEJAS was killed, suffering great physical and emotional pain prior to his demise, as well as the loss of the enjoyment of life, and as a result thereof Plaintiffs

RICARDO CENDEJAS, SR., MARIA TERESA PENALOZA, and MARIA ISABEL CENDEJAS suffered great physical and mental injury, trauma, pain, shock to their nervous system, injury to their health, strength and activity, loss of society, companionship, support and affection, great anguish, anxiety, degradation, humiliation, fear and emotional distress; all to their damages in an amount not yet ascertained but to be proved.

28. By reason of the afore-described acts and omissions of Defendants DOES 1 through 10, inclusive, and each of them, Plaintiffs RICARDO CENDEJAS, SR., MARIA TERESA PENALOZA, and MARIA ISABEL CENDEJAS were and will be required in the future to receive medical and psychiatric care, treatment, and examination and by reason thereof, said Plaintiffs incurred and will continue to incur doctor, medical, chiropractic, psychiatric, pharmaceutical and incidental expenses in an amount not yet ascertained but to be proved.

29. The afore-described acts and omissions of Defendants DOES 1 through 10, inclusive, were done recklessly, knowingly, intentionally, and for the purpose of vexing and injuring Decedent and to maliciously deprive Plaintiffs' Decedent and Plaintiffs of rights guaranteed them by the U.S. and California Constitutions and in conscious disregard thereof; and by reason thereof, Plaintiffs claim exemplary and punitive damages from said Defendants in an amount to be proved.

30. By reason of the afore-described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute and prosecute the within action and to render legal assistance to Plaintiffs that they might vindicate the loss and impairment of their aforementioned rights; and by reason thereof Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42, U.S.C. § 1988.

**THIRD CLAIM FOR RELIEF**

(Title 42, U.S.C. §§ 1983, 1988)

(Violation of Civil Rights by a Public Entity)

[By Plaintiffs ESTATE OF RICARDO DIMITRI CENDEJAS, RICARDO CENDEJAS, SR., MARIA TERESA PENALOZA, MARIA ISABEL CENDEJAS, against Defendants COUNTY OF LOS ANGELES, and DOES 8 through 10, inclusive]

31.  Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 22, 24 through 28, and 30 of this complaint and make each a part hereof as if set forth in full.

32.  On or about November 2, 2017, and for some time prior thereto, Defendants COUNTY OF LOS ANGELES and DOES 8 through 10, inclusive, maintained an unconstitutional policy, or allowed a pattern of conduct that was unconstitutional in its implementation, with respect to their policy of allowing the use of lethal force, namely firearms, against unarmed persons, or persons that that did not engage in behavior that constituted an imminent threat of death or great bodily injury to the deputies or members of the general public.  The policy of using lethal force against an unarmed person is now universally accepted as the unnecessary taking of a human life without proper authority, probable cause, or legal justification.

33.  On or about November 2, 2017, and for some time prior thereto, Defendants COUNTY OF LOS ANGELES, and DOES 6 through 10, inclusive, failed to properly train, assign, supervise, and guide their officers, in regards to the use of deadly force, use of non-lethal weapons, apprehension tactics, and appropriate methods for dealing with minimally resisting individuals, or persons suffering from mental illness or emotional disturbances, and for some time prior thereto and since, have condoned, tolerated and accepted, and continue to condone,

tolerate, and accept the excessive use of force, the writing of false police reports, the planting of evidence or withholding evidence to allow police misconduct to escape detection, the deficient supervision of line or patrol officers, and in particular, the use of unnecessary and unreasonable lethal force by its sworn deputies.

34. Furthermore, on or about November 2, 2017, and for some time prior thereto, Defendants COUNTY OF LOS ANGELES and DOES 6 through 10, inclusive, failed to fully and objectively investigate claims, reports or allegations of misconduct by the officers under their command, including failing to conduct vigorous examination and questioning of involved Deputies, disregarding of the statements of percipient witnesses, and minimizing the acts and conduct of the involved Deputies. As a result of said acts, omissions, policies, customs and practices, Deputies who so engaged in a pattern of misconduct, violations of law, and wholesale violations of the civil rights of the citizenry were allowed to continue in their malfeasance unabated by any efforts of their superiors.

35. By so doing, Defendant COUNTY OF LOS ANGELES effectively ratifies the wrongful acts or misconduct of said Deputies, and in practice, allows such wrongful acts, misconduct, and violations of civil rights to become the actual policy of Defendant COUNTY OF LOS ANGELES.

36. Said acts and omissions, policies, customs and practices by Defendants COUNTY OF LOS ANGELES DOES 8 through 10, inclusive, were the moving force behind the violation of constitutional rights and damages complained of herein by Plaintiffs.

**FOURTH CLAIM OF RELIEF**

(Violation of Civil Rights)

[Cal. Civil Code §§ 51.7, 52.1(b), by Plaintiffs

ESTATE OF RICARDO DIMITRI CENDEJAS,

RICARDO CENDEJAS, SR., MARIA ISABEL

CENDEJAS, V.C., and Y.C. against Defendants COUNTY OF LOS ANGELES]

37. Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 22, 24 through 28, and 30 through 36 of this complaint and makes each a part hereof as if set forth in full.

38. The COUNTY OF LOS ANGELES, by and through each individual Defendant DOES 1 through 10, inclusive interfered by violence, threats of violence, intimidation, or coercion, namely, the unnecessary and excessive use of lethal force against Plaintiffs' Decedent RICARDO DIMITRI CENDEJAS, the false arrests of Plaintiffs RICARDO CENDEJAS, SR., MARIA ISABEL CENDEJAS, and Minor V.C., and the threats of calling child protective services made against Minor Y.C., with the exercise or enjoyment of the constitutional or statutory rights of said Plaintiffs, which rights included, but are not limited to:

-- the right to be free of unreasonable searches and seizures made without a warrant or probable cause in violation of rights protected under Article 1, Section 13 of the California Constitution;

-- the right to be treated with dignity, fairness, and compassion regardless of the circumstances confronting a Minor.

39. Plaintiffs ESTATE OF RICARDO DIMITRI CENDEJAS, RICARDO CENDEJAS, SR., MARIA ISABEL CENDEJAS, and Minors V.C. and Y.C. allege that the above-named Defendants' wrongful conduct in violation of California Civil Code §§ 51.7 and 52.1(b) caused deprivations of rights and freedom, and caused injury and damage, both physical and emotional, including pain and suffering. Plaintiffs ESTATE OF RICARDO DIMITRI CENDEJAS, RICARDO CENDEJAS, SR., MARIA ISABEL CENDEJAS, and Minors V.C. and Y.C. allege that this wrongful conduct of these Defendants and DOES 1 through 5, inclusive, legally caused Plaintiffs general and special damages as allowable pursuant to constitutional law in an amount according to proof.

40. By virtue of the provisions of California Civil Code §§ 51.7, 52.1 (h), Plaintiffs ESTATE OF RICARDO DIMITRI CENDEJAS, RICARDO CENDEJAS, SR., MARIA ISABEL CENDEJAS, and Minors V.C. and Y.C. are entitled to an award of treble damages, reasonable attorneys' fees and costs according to proof.

41. These afore-mentioned acts of individual Defendants DOES 1 through 10, inclusive, and each of them, were done recklessly, knowingly, intentionally, and for the purpose of vexing and injuring Decedent and to maliciously deprive Plaintiffs' Decedent of rights guaranteed him by the U.S. and California Constitutions and in conscious disregard thereof; and by reason thereof, Plaintiffs ESTATE OF RICARDO DIMITRI CENDEJAS, RICARDO CENDEJAS, SR., MARIA ISABEL CENDEJAS, and Minors V.C. and Y.C. claim exemplary and punitive damages from said Defendants in an amount to be proved.

**FIFTH CLAIM OF RELIEF**

(Wrongful Death, Cal. Code of Civil Procedure § 377.60)

[By Plaintiffs ESTATE OF RICARDO DIMITRI CENDEJAS, RICARDO CENDEJAS, SR., MARIA TERESA PENALOZA, MARIA ISABEL CENDEJAS, against Defendants COUNTY OF LOS ANGELES, and DOES 1 to 10, inclusive]

42. Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 22, 24 through 28, and 30 through 40 of this complaint and make each a part hereof as if set forth in full.

43. Each individual Defendant DOES 1 through 5, inclusive, caused the wrongful death of RICARDO DIMITRI CENDEJAS, Plaintiffs' RICARDO CENDEJAS, SR., MARIA TERESA PENALOZA, and MARIA ISABEL CENDEJAS' son and step-son, respectively.

44. Plaintiffs allege that this wrongful conduct of these Defendants and Does 1 through 5, inclusive, legally caused Plaintiffs ESTATE OF RICARDO DIMITRI CENDEJAS, RICARDO CENDEJAS, SR., MARIA TERESA PENALOZA, and MARIA ISABEL CENDEJAS general and special damages as allowable pursuant to C.C.P. § 377.60 in an amount according to proof.

### SIXTH CLAIM OF RELIEF

(Negligence, Cal. Government Code §§ 815.2, 820)

[By Plaintiffs ESTATE OF RICARDO DIMITRI CENDEJAS, RICARDO CENDEJAS, SR., MARIA TERESA PENALOZA, MARIA ISABEL CENDEJAS, against Defendants COUNTY OF LOS ANGELES, and Los Angeles County Deputy Sheriffs DOES 1 through 10, inclusive]

45. Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 22, 24 through 28, and 30 through 44 of this complaint and make each a part hereof as if set forth in full.

46. On or about November 2, 2017, and at all times mentioned herein, Plaintiffs' Decedent, RICARDO DIMITRI CENDEJAS was subjected to use of deadly force and arrest by Defendants DOES 1 through 10, inclusive, who were acting within the course and scope of their duties as Deputy Sheriffs for the COUNTY OF LOS ANGELES.  Defendants, and each of them, breached the standard of performance of their duties, and were negligent in the performance of their Los Angeles County Sheriff's Department tactics and duties, and this negligence caused Plaintiffs' injuries.  Defendants DOES 1 through 10 failed to comply with their above stated Sheriff's tactics and duties and their conduct was at all times mentioned herein, below the standard of care for reasonable law enforcement officers, and this negligence caused the injuries and damages alleged herein.

47. As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of Defendants, and each of them, Plaintiffs were injured, and have suffered the damages as alleged above.

### SEVENTH CLAIM OF RELIEF

(Battery, Cal. Government Code §§ 815.2, 820)

[By Plaintiff ESTATE OF RICARDO DIMITRI CENDEJAS against Defendants COUNTY OF LOS ANGELES, and DOES 1 through 10, inclusive]

48. Plaintiff hereby incorporate by reference each and every allegation contained in paragraphs 1 through 47 of this complaint and make each a part hereof as if set forth in full.

48. At all times mentioned herein, Decedent RICARDO DIMITRI CENDEJAS was subjected to a battery by Defendants DOES 1 through 10, inclusive, acting within the scope and course of their employment with the Defendant COUNTY OF LOS ANGELES.

WHEREFORE, Plaintiffs pray for judgment as follows:
1. General damages in an amount to be proved;
2. Medical, doctor, psychiatric, pharmaceutical, funeral and incidental expenses to be proved;
3. Punitive damages from Defendants DOES 1 through 10, inclusive;
4. Costs of litigation;
5. Reasonable attorney's fees pursuant to 42, U.S.C. § 1988 and/or California Civil Code § 52.1 (h);

6. Such other and further relief as the court deems appropriate and just.

Dated: November 12, 2018     LAW OFFICES OF JORGE GONZALEZ

By: /S/ *Jorge Gonzalez*
Jorge Gonzalez

One of the Attorneys for Plaintiffs
ESTATE OF RICARDO DIMITRI CENDEJAS, RICARDO CENDEJAS, SR., MARIA TERESA PENALOZA, MARIA ISABEL CENDEJAS, V.C., and Y.C.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: November 12, 2018     LAW OFFICES OF JORGE GONZALEZ

By: /S/ *Jorge Gonzalez*
Jorge Gonzalez, Esq.

One of the Attorneys for Plaintiffs
ESTATE OF RICARDO DIMITRI CENDEJAS, RICARDO CENDEJAS, SR., MARIA TERESA PENALOZA, MARIA ISABEL CENDEJAS, V.C., and Y.C.